# In the United States Court of Federal Claims

No. 20-653C
(Filed: January 12, 2021)

```
* * * * * * * * * * * * * * * * * * * * * * * *
                                             *
TALESSIA WHITE JOHNSON,                       *
                                             *
            Plaintiff,                        *
                                             *
      v.                                      *
                                             *
THE UNITED STATES,                            *
                                             *
            Defendant.                        *
                                             *
* * * * * * * * * * * * * * * * * * * * * * * *
```

_____

### ORDER OF DISMISSAL
_____

**WILLIAMS**, Senior Judge.

 This matter comes before the Court on Defendant's motion to dismiss for lack of subject-matter jurisdiction or, in the alternative, failure to state a claim upon which relief may be granted. Because Plaintiff has not alleged any conduct by the United States, this Court lacks jurisdiction over Plaintiff's claims, and Defendant's motion to dismiss is **GRANTED**.

### Background

 Plaintiff pro se Talessia White Johnson raises a variety of allegations against "TV [and] Radio Stations" and specifically names "Sinclair Broadcasting." Compl. at 1. Plaintiff alleges "mental abuse, violation of tenant rights, and [the] slander[ous] use of [her] name." Compl. at 2. Plaintiff further states that she received "verbal attacks from [the] public," "verbal abuse from people on [the] T.V. and radio" who "told [her] personal business over the air," and other verbal attacks in the form of criticism and name-calling. Compl. at 2-3. Plaintiff claims that the alleged verbal attacks led to anxiety, stress, additional health issues, loss of housing benefits, and "destroyed [her] life/reputation." Id.

 Plaintiff has the burden of establishing subject-matter jurisdiction in this Court. Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988). The Court must dismiss the action if it finds subject-matter jurisdiction to be lacking. Adair v. United States, 497 F.3d 1244, 1251 (Fed. Cir. 2007). The court assumes all factual allegations as true and will construe the complaint in a manner most favorable to the plaintiff when ruling on a motion to dismiss

pursuant to Rule 12(b)(1).  Pennington Seed, Inc. v. Produce Exch. No. 299, 457 F.3d 1334, 1338 (Fed. Cir. 2006).

The filings of pro se litigants are held to "less stringent standards than formal pleadings drafted by lawyers."  Naskar v. United States, 82 Fed. Cl. 319, 320 (2008) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)).  However, pro se plaintiffs still bear the burden of establishing the Court's jurisdiction and must do so by a preponderance of the evidence.  Reynolds, 846 F.2d at 748; Tindle v. United States, 56 Fed. Cl. 337, 341 (2003).

The Tucker Act, 28 U.S.C. § 1491(a)(1) (2012), provides that this Court:

> shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

In her complaint, Plaintiff does not allege any conduct by the United States, but rather claims that Sinclair Broadcasting and other unnamed television and radio stations are the source of her injuries.  Because the only proper defendant in this Court is the United States, this Court lacks jurisdiction to entertain Plaintiff's claims.  United States v. Sherwood, 312 U.S. 584, 588 (1941); Berdick v. United States, 222 Ct. Cl. 94, 99 (1979).[1]

### Conclusion

Defendant's motion to dismiss for lack of jurisdiction is **GRANTED**.  The Clerk is directed to enter judgment.

*Mary Ellen Coster Williams*
**MARY ELLEN COSTER WILLIAMS**
**Senior Judge**

---

[1]  Additionally, to the extent that Plaintiff alleges claims of defamation, such claims sound in tort and this Court lacks jurisdiction to entertain them.  Rick's Mushroom Serv., Inc. v. United States, 521 F.3d 1338, 1343 (Fed. Cir. 2008) (holding that the Court of Federal Claims lacks jurisdiction to hear claims sounding in tort); see also Stewart v. United States, 130 Fed. Cl. 172, 178 (2017) (stating that the plaintiff's claims of invasion of privacy, harassment, intimidation, and humiliation sound in tort and must be dismissed for lack of subject-matter jurisdiction); Edelmann v. United States, 76 Fed. Cl. 376, 381 (2007) (finding that the Court of Federal Claims lacked jurisdiction over the plaintiff's tort claims of slander, defamation, intimidation, and harassment).